# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSETTE M. CHAMBERS, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> TENNESSEE FAIR HOUSING COUNCIL, ) </br> TRACEY MCCARTNEY, in her official capacity ) </br> as Executive Director, and JOHN DOES #1-20, ) </br> ) </br> Defendants. ) | Civil No. 3:12-0190 </br> Judge Trauger </br> Magistrate Judge Bryant |

## MEMORANDUM and ORDER

On February 21, 2013, the Magistrate Judge issued a Report and Recommendation (Docket No. 34), to which the defendants have filed an Objection (Docket No. 35), which has been responded to by the plaintiff (Docket No. 36). The Report and Recommendation recommends that the Defendants' Motion to Dismiss be denied.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The defendants maintain, first, that the Magistrate Judge erred by relying upon information contained within the "Plaintiff's Request to File 'Amended Response in Opposition to Defendants' Motion to Dismiss' Out Of Time" (Docket No. 32), to which the defendants filed a Response in Opposition (Docket No. 33) and upon which the Magistrate Judge never ruled. Second, they maintain that the Magistrate Judge gave no consideration to the fact that the

1

plaintiff, who had signed what the defendants characterize as a full release of her claims asserted in this case, is an attorney and was given a fair opportunity to withdraw her agreement to the release, which she never did. Third, the defendant argues that the Magistrate Judge did not consider their argument that the plaintiff ratified the release.

It is true that the Magistrate Judge appeared to rely upon the arguments made in the Plaintiff's Proposed Amended Response (Docket No. 32-2) and the plaintiff's accompanying Affidavit (Docket No. 32-4), which were never properly received into the record of this case. That was in error. However, even without that information, the documents properly in the record justify the conclusion that the plaintiff has sufficiently alleged duress in her execution of the Second Amended Separation Agreement Following Mediation of Aug. 10, 2011 (Docket No. 1, Joint Exhibit D to Complaint).

> The Amended Complaint alleges:
>
> McCartney expressly advised Plaintiff that her failure to participate [in the mediation] would result in an immediate parting of ways. Not wanting to lose either a salary or medical benefits, those being crucial given Plaintiff's on-going medical treatment for cancer, Plaintiff complied in every single respect required by McCartney, including signing the agreement[1] to not set foot on TFHC's premises from that August mediation until the effective termination date of December 31, 2011.

(Docket No. 12 at 10, ¶35) It is clear from the Amended Complaint that McCartney knew of the plaintiff's medical condition and treatment at this time. Therefore, her insertion in the Separation Agreement of the following sentence makes clear the implicit, if not express, duress under which the plaintiff was functioning at that time: "After signing the Agreement, if Ms. Chambers decides to revoke her acceptance, her employment with TFHC will end immediately

---

[1] Of course the "agreement" referred to is the Separation Agreement that also included the purported release.

upon such revocation." (Docket No. 1, Joint Exhibit D at ¶12) With the end of her employment would come the end of her medical insurance, which was desperately needed at that time to continue her treatments for cancer. Therefore, although this objection has merit in terms of the Report and Recommendation itself, it has no impact upon the ultimate ruling on the Defendants' Motion to Dismiss.

The second objection– that the Magistrate Judge did not consider the fact that the plaintiff was an attorney and had been given time to withdraw from the Separation Agreement (facts that the defendants believe should be dispositive of whether or not her assertion of duress in signing the release)– is without merit. The Report and Recommendation reflects that the Magistrate Judge was very aware that the plaintiff is a lawyer and took that into account in determining that the defendants had not conclusively established their affirmative defense of waiver as a matter of law. Whether or not the Magistrate Judge considered the time frame during which the plaintiff could have revoked her acceptance of the Separation Agreement, as already discussed herein, given the circumstance that the plaintiff was in the midst of cancer treatment and could not afford to lose her health insurance by so revoking, this omission would not be determinative. As the defendants recite in their Reply to the Motion to Dismiss, the "totality of the circumstances" is an important consideration in deciding whether a release has been voluntarily executed. (Docket No. 29 at 3-4) This is a fact-intensive inquiry and one that can rarely be decided on a motion to dismiss.

The defendants' last objection asserts that, by not immediately revoking the Separation Agreement, once the alleged circumstances of duress dissipated, the plaintiff has somehow ratified the release and waived her right to contest it. The court finds that the plaintiff did immediately challenge the Separation Agreement. The date of her termination was December

3

31, 2011. On January 5, 2012, the plaintiff filed her Charge of Discrimination with the EEOC, alleging the causes of action she alleges in this lawsuit. (Docket No. 1, Joint Exhibit A) Obviously such a filing is a challenge to the validity of a release, and the plaintiff specifically alleged in her charge as follows:

> McCartney subverted Respondent's grievance procedure by reminding me that TN was an at-will employment state (I feared immediate termination) and stated that I would be fired immediately if I refused to participate in mediation. I signed the non-binding mediation agreement for that same reason (she made clear that she was only there to determine whether to fire me effect 8/15/2011 or 12/31/2011).

The plaintiff filed this lawsuit shortly thereafter, on February 17, 2012. The court finds that these actions met the standard of acting promptly upon removal of the duress to avoid the contract. *Cumberland & Ohio Co. of Texas, Inc. v. First American Nat'l Bank*, 936 F.2d 846, 850 (6th Cir. 1991). The defendants are correct in their assertion that the Magistrate Judge did not seem to have considered this argument in the Report and Recommendation. However, this court has considered this argument and finds it without merit.

The Report and Recommendation is **ACCEPTED IN PART** and **REJECTED IN PART**, as detailed herein. For the reasons expressed herein, it is hereby **ORDERED** that the Defendants' Motion to Dismiss (Docket No. 14) is **DENIED**. The defendants shall file an Answer to the Amended Complaint within twenty (20) days of the entry of this Order. By separate notice, this case is being set for an initial case management conference before Judge Trauger. The reference to the Magistrate Judge (Docket No. 4) is **WITHDRAWN**.

It is so **ORDERED.**

Enter this 27th day of March 2013.

_____
ALETA A. TRAUGER

U.S. District Judge